### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN COMMERCIAL ROOFING, INC. A/A/O JASON RONSSE, <br><br> Plaintiff, <br><br> v. <br><br> FARMERS INSURANCE EXCHANGE <br><br> Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:25-cv-2704 <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COME NOW, Plaintiff, American Commercial Roofing, Inc., as assignee of Jason Ronsse ("Plaintiff"), by and through their undersigned attorneys, and for their causes of action against Defendant Farmers Insurance Exchange ("Defendant"), states and alleges as follows:

### PARTIES

1. At all times material hereto, Plaintiff is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business in Shawnee County, Kansas.

2. Defendant is incorporated in California, with its principal place of business in Woodland Hills, California.

3. Defendant is authorized to transact insurance business in Kansas as a foreign insurance company and has appointed the Kansas Commissioner of Insurance as its agent for service of process.

### JURISDICTION AND VENUE

4. This is an action for damages in excess of $75,000, excluding interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action, located at 9733 SE Ratner Road, Berryton, KS 66409 (the "Property"), is situated within this District.

**FACTS**

7. Prior to April 17, 2024, Jason Ronsse (the "Insured/Assigner") owned the property and procured a residential insurance policy for the Property from Defendant, bearing policy number 031108-73-61 ("the Policy") for the policy period from November 22, 2023, through November 22, 2024 ("the Policy Period"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

8. The Policy reflected the agreement wherein Defendant agreed to make payment in the event of a covered loss, risk, and/or peril, in consideration for the premium paid by the Insured/Assigner.

9. At all times material hereto, Insured/Assigner timely paid, and Defendant accepted, consideration in the form of premium payments.

10. On or about April 17, 2024 (hereinafter "Date of Loss"), a severe weather event, which included high-velocity wind and hailstorm, seriously damaged the Property.

11. At all times material hereto, Insured/Assigner owned the Property up to and including on the Date of Loss.

12. Insured/Assigner promptly reported the loss to and filed a claim with Defendant.

13. Defendant acknowledged the claim and assigned claim number 5030163558-1 (the "Claim").

14. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

15. Defendant inspected the Property in its investigation of the Claim.

16. Defendant determined that the Policy provided coverage for the cause of loss ("Coverage Determination") and made payments thereon, but only for a portion of the damage caused by the storm. The payment issued by Defendant totaled $16,799.64. Defendant then communicated a denial of the balance of the claim via a Coverage Determination letter dated May 31, 2024 (the "Letter"), a true and correct copy of which is attached hereto as **Exhibit B**.

17. Despite Defendant's determination that the cause of the damage to the Property was covered, it nevertheless refused coverage for substantial portions of the damage caused. It communicated that partial denial of coverage in the Letter and quoted several purported exclusions from coverage without explanation of whether or how Defendant contends they apply to the loss or even which exclusions Defendant was expressly relying upon.

18. On or about December 10, 2024, Insured/Assigner and Plaintiff executed an Assignment of Benefits pursuant to which the Insured/Assigner assigned, sold, and transferred to Plaintiff all rights and interests in and to the Claim. The Assignment provides, in relevant part:

> "Assignment. Homeowner hereby assigns, transfers, conveys, and delivers to ACR, its successors and assigns, all right, title, powers, and interest of Homeowner in and to the Claim under the Policy to the extent permitted pursuant to K.S.A. 50-6,143 and the Policy. As a result, subject to the terms of the Policy and this Agreement, ACR shall receive all of Homeowner's rights to the Claim under the Policy and be named as a co-payee for the payment of benefits under the Policy insuring the Residence."

A true and correct copy of the Assignment of Benefits is attached hereto and incorporated herein as **Exhibit C.**

19. Pursuant to Fed. R. Civ. P. 17(a), Plaintiff, as the valid assignee of the Insured/Assigner's rights and interests under the Policy and related insurance claim, is the real party in interest in this action. By virtue of the Assignment of Benefits, Plaintiff stands in the shoes of the Insured/Assigner with respect to all rights, claims, and causes of action arising out of the Policy and the Claim, and is entitled to pursue and enforce those rights in this Court.

20. Plaintiff, by and through their agents, submitted to Defendant an independent evaluation of the damages (the "Estimate"), which approximated the damages to the Property that were caused by the storm to be approximately $114,741.75 (after depreciation). A true and correct copy of the Estimate is attached hereto as **Exhibit D**.

21. The Estimate describes repairs, remediation, construction, mitigation, cleaning, and/or other services that are necessary to remediate the damage caused by the storm and return the Property to its pre-loss condition.

22. The exclusions to which Defendant referred in the Letter either (a) do not apply at all to Plaintiff's loss, (b) have been waived by Defendant's admission of coverage for the cause of loss and/or by Defendant's failure to expressly tie the damages allegedly excluded to the Policy language excluding them, and/or (c) to the extent they apply at all, do not exclude coverage for all of the losses for which Defendant appears to be relying on them.

23. Defendant was furnished with timely notice of the Claim, proof of loss, and a demand for payment, but Defendant has willfully refused, and continues to refuse, to pay all of Plaintiff's Claim.

24. The loss occurred during the Policy Period.

25. Plaintiff and/or Insured/Assigner have performed all of their duties and obligations under the Policy.

26. The loss was not the result of repeated seepage and/or leakage.

27. The loss was not the result of age-related seam deterioration or prior repairs or degradation.

28. The loss was not the result of wear, tear, marring, and/or deterioration.

29. The loss was not the result of inherent vice, latent defect, defect, or mechanical breakdown.

30. The loss was not the result of preexisting damage.

31. The loss was not the result of faulty, inadequate, and/or defective planning, zoning, development, surveying, siting, design, specifications, workmanship, repair, maintenance, construction, renovation, remodeling, grading, and/or compaction.

32. Damage from melting ice, wind, tornado, snow, and/or hail are covered perils, and the damage to the Property was caused by these covered perils (hailstorm).

33. All conditions precedent to coverage under the Policy have been performed, have occurred, and/or have been waived.

34. Defendant's conduct has caused Plaintiff to, *inter alia*, retain the services of counsel.

**COUNT I**
**BREACH OF CONTRACT**

35. Plaintiff adopts, re-alleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

36. Upon the issuance of the Policy, Insured/Assigner and Defendant entered into a valid and enforceable agreement.

37. At all times pertinent hereto, Insured/Assigner timely paid, and Defendant accepted consideration in the form of premium payments.

38. Insured/Assigner assigned, sold, and transferred to Plaintiff all rights and interests in and to the Claim.

39. At all times material hereto, up to and including on the Date of Loss, the Policy was in full force and effect.

40. Defendant breached the Policy by failing to pay the full amount of damages covered by the Policy.

41. Moreover, in Kansas, "the duty of good faith and fair dealing is implied in every contract, with the exception of employment-at-will contracts. The duty includes not intentionally and purposely to do anything to prevent the other party from carrying out his part of the agreement, or to do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Bank of Am., N.A. v. Narula*, 46 Kan. App. 2d 142, 170 (2011) (internal quotation marks, brackets, and citations omitted).

42. Defendant violated its duty of good faith and fair dealing by failing to properly investigate Plaintiff's claim in a timely fashion, and thereby robbing Plaintiff of the benefits of the Policy, and failing to pay Plaintiff the full Policy benefits for which they paid premiums.

43. As a direct and proximate cause of said breaches, Plaintiffs have suffered, and continue to suffer, economic damages in an amount to be determined at trial.

44. Because Defendant has failed to pay the full Policy benefits, Plaintiff is entitled to recover a reasonable attorney's fee from Defendant pursuant to K.S.A. 40-908, 40-256, and/or other relevant law.

45. Plaintiff is entitled to recover prejudgment interest from Defendant pursuant to K.S.A. 40-2,126 and/or K.S.A. 16-201.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendant on Count I, and award them compensatory damages in an amount to be determined at trial, their reasonable attorneys' fees and costs, pre- and post-judgment interest as provided by law, and for such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury of all issues so triable, as a matter of right.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial of this action.

DATED: December 1, 2025.

                        Respectfully submitted,

                        /s/ Scott A. Hunter
                        Scott A. Hunter        KS #18607
                        HUNTER & CASSIDY, LLC
                        1300 NW Briarcliff Parkway, Suite 120
                        Kansas City, Missouri 64150
                        Telephone: (816) 421-1377
                        Facsimile: (816) 421-1833
                        E-Mail:  shunter@huntercassidylaw.com

                        Yisroel Silverman, Esq.
                        FL Bar No. 1011445
                        INSURANCE LITIGATION GROUP, P.A.
                        1500 NE 162nd Street
                        North Miami Beach, FL 33162
                        Telephone: (786) 529-0090
                        Facsimile: 866-239-9520
                        E-Mail: yisroel@ilgpa.com; service@ilgpa.com
                        *Counsel for Plaintiffs (pro hac vice motion forthcoming)*

**CERTIFICATE OF SERVICE**

On this 1st day of December, 2025, the foregoing Complaint was filed using the Court's ECF system, which will automatically send notice thereof to all counsel of record.

/s/ Scott A. Hunter
Counsel for Plaintiffs